# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1823 | **DATE** | August 13, 2010 |
| **CASE TITLE** | Harmon et al vs. Gordon | | |

**DOCKET ENTRY TEXT**

We dismiss and discharge our rule to show cause and deny Plaintiffs' motion to remand the case. Status hearing set for 8/26/2010 at 9:30 a.m. to stand.

■[ For further details see text below.]  Docketing to mail notices.

## ORDER

This matter comes before the court on our rule to show cause issued to Defendant Ben Gordon ("Gordon") as to why this case should not be remanded to state court for lack of diversity jurisdiction. For the reasons stated below, the court discharges the rule to show cause and denies Plaintiffs' motion to remand.

On March 2, 2010, Plaintiffs Larry Harmon and Harmon-Castillo LLP ("Plaintiffs") filed a lawsuit against Gordon in the Circuit Court of Cook County. Plaintiffs asserted a number of state-law causes of action including breach of contract, malicious prosecution, abuse of process, and tortious interference. Gordon removed the matter from state court on diversity jurisdiction grounds on March 23, 2010. The removal petition stated that both Harmon and Harmon-Castillo LLP were citizens of California for diversity purposes and that Gordon was a resident of the state of Illinois. Upon removal to this court, Plaintiffs moved to remand the case back to state court arguing that because Gordon asserted he was a resident of Illinois he could not remove the action under the forum defendant rule. In his response to Plaintiffs' motion to remand, Gordon asserted that he resided in Michigan before the removal petition was filed and that his counsel had erred in representing that he was still a resident of Illinois. Citing the insufficiency of the information available in the record and the parties' focus on residency (instead of citizenship), in their effort to establish jurisdiction, the court denied Plaintiffs' motion to remand without prejudice. We then issued a rule to show cause to Gordon, requiring him to set forth the reasons why this case should not be remanded for lack of diversity jurisdiction.

Removal of cases to federal court is controlled by 28 U.S.C. § 1441. Section 1441(b) provides that removal to federal court on diversity of citizenship grounds is not permitted if any of the defendants is a citizen of the state in which the action is brought. *In re Repository Technologies, Inc.*, 601 F.3d 710, 721-22 (7th Cir. 2010). A natural person's state of citizenship, for diversity purposes, is the state of his domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). The determination of a person's domicile typically requires the concurrence of (1) his physical presence in a place with (2) an intention to remain there indefinitely. *Castellon-*

| ORDER |
|---|

*Contreras v. I.N.S.*, 45 F.3d 149, 153 (7th Cir. 1995). In his brief regarding diversity jurisdiction, Gordon provides an affidavit stating that he became a resident of Michigan in September 2009, he is employed year-round by the Detroit Pistons professional basketball team, and he will use his Michigan address for purposes of his 2010 federal income taxes. He further declares that his "intention is to reside in Michigan for an indefinite time." Because Defendant is physically present in Michigan and intends to live there for an indefinite period of time, we conclude that Gordon is a citizen of the state of Michigan for diversity of citizenship jurisdiction purposes.

      Plaintiffs contend that Gordon's affidavit cannot be considered by the court because he failed to submit the document prior to removal. When determining whether subject-matter jurisdiction exists, a court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). In this case, Gordon filed an affidavit in which he averred that he had become a citizen of Michigan prior to the filing of the complaint in state court. Because the document provides evidence relevant to the subject-matter jurisdiction, we may properly consider it regardless of the moment Gordon submitted the document. We dismiss and discharge our rule to show cause and deny Plaintiffs' motion to remand the case.

Dated:   August 13, 2010

                                                **CHARLES P. KOCORAS**
                                                **U.S. District Court Judge**